## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RYAN,<br><br>Plaintiff,<br><br>v.<br><br>ALERISLIFE, INC., JENNIFER B. CLARK, DONNA D. FRAICHE, BRUCE M. GANS, BARBARA D. GILMORE, GERARD M. MARTIN, ADAM D. PORTNOY, and MICHAEL E. WAGNER,<br><br>Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br><br>**JURY TRIAL DEMAND** |

Plaintiff John Ryan ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against AlerisLife, Inc. ("AlerisLife" or the "Company") and AlerisLife's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. § 240.14d-9, arising out of the Board's attempt to sell the Company to ABP Trust through its wholly-owned subsidiary ABP Acquisition LLC and its wholly owned subsidiary, ABP Acquisition 2 LLC (collectively "ABP").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading solicitation statement (the "14D-9") to be filed with the Securities and Exchange Commission ("SEC") on February 17, 2023. The 14D-9 recommends that AlerisLife stockholders tender their shares in favor of a proposed transaction (the "Proposed Transaction") whereby AlerisLife is acquired by ABP. The Proposed Transaction was

1

first disclosed on February 3, 2023, when AlerisLife and ABP announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which ABP will acquire all of the outstanding shares of common stock of AlerisLife (other than shares owned by ABP or its subsidiaries, and Purchaser or any person that owns equity interests of Purchaser) for $1.31 per share (the "Merger Consideration"). The deal is valued at approximately $43.8 million and is expected to close in the first quarter of 2023.

3.    The 14D-9 is materially incomplete and contains misleading representations and information in violation of Sections 14(e) and 20(a) of the Exchange Act. Specifically, the 14D-9 contains materially incomplete and misleading information concerning the sales process, as well as the financial analyses conducted by Citigroup Global Markets Inc. ("Citi"), AlerisLife's financial advisor.

4.    For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing any amendment to the 14D-9, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to AlerisLife's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5.    Plaintiff is, and has been at all relevant times, the owner of shares of common stock of AlerisLife.

6.    Defendant AlerisLife is a corporation organized and existing under the laws of the State of Maryland. The Company's principal executive offices are located at 400 Centre Street, Newton, Massachusetts 02458.  AlerisLife common stock trades on the Nasdaq Capital Market

under the ticker symbol "ALR."

7.     Defendant Adam D. Portnoy is a Managing Director of the Company and has been a director of the Company since 2018. Defendant Portnoy is the sole trustee and controlling shareholder of ABP, and is president, chief executive officer, and controlling stockholder of RMR Inc. RMR Inc. provides business management services to the Company, as well as to Diversified Healthcare Trust ("DHC"). Defendant Portnoy is also chair of the board of trustees and a managing trustee of DHC, the Company's largest stockholder which beneficially owns approximately 31.9% of the Company's common stock. Additionally, Defendant Portnoy, directly and indirectly through ABP and its subsidiaries, beneficially owns approximately 6.1% of the Company's outstanding shares.

8.     Defendant Jennifer B. Clark is a Managing Director of the Company and has been a director of the Company since 2020. Defendant Clark is an officer of ABP. Defendant Clark is also executive vice president, general counsel, and secretary of RMR Inc.

9.     Defendant Donna D. Fraiche is the Company's Lead Independent Director and has been a director of the Company since 2010.

10.     Defendant Barbara D. Gilmore has been a director of the Company since 2004.

11.     Defendant Gerard M. Martin has been a director of the Company since 2020. Defendant Martin served as a director, advisor, or trustee at RMR's predecessors from 1986 through 2015.

12.     Defendant Bruce M. Gans has been a director of the Company since 2001.

13.     Defendant Michael E. Wagner has been a director of the Company since 2020.

14.     Nonparty ABP Acquisition 2 LLC, is a wholly owned subsidiary of nonparty ABP Acquisition LLC, which is a wholly owned subsidiary of ABP Trust.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(e) and 20(a) of the Exchange Act.

16.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

17.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A.  Background of the Company and the Proposed Transaction

18.     AlerisLife is a holding company that operates primarily in two segments: (a) residential through the Company's brand, Five Star Senior Living; and (b) lifestyle services through the Company's brands, Ageility Physical Therapy Solutions and Windsong Home Health. As of December 31, 2021, the Company owned and operated or managed 141 senior living communities located in 28 states through its residential segment.  The Company's lifestyle services segment provides a suite of services including Ageility rehabilitation and fitness, Windsong home health and other home based, concierge services at senior living communities that the Company owns and operates or manages as well as at unaffiliated senior living communities.

19.     On February 2, 2023, the Company entered into the Merger Agreement with ABP.

20.     According to the press release issued on February 3, 2023 announcing the Proposed

4

Transaction:

**ABP Acquisition to Acquire AlerisLife for $1.31 Per Share**

*Purchase Price Provides Shareholders with an 85% Premium to Average Share Price of Last 30 Trading Days*

<u>**Newton,MA**</u> (February **3**, 2023): <u>AlerisLife Inc. (Nasdaq: ALR)</u> today announced that it has entered into a definitive agreement with ABP Acquisition LLC, or ABP, under which ABP will acquire all of the outstanding shares of ALR common stock for $1.31 per share in cash, which represents an 85% premium to the average trading price of the last 30 trading days of $0.71 per share. The total consideration to be paid to stockholders in the transaction is approximately $43.8 million and is not subject to any financing condition. ABP is majority owned and controlled by Adam Portnoy, one of ALR's managing directors and the chair of its Board of Directors.

ABP plans to acquire ALR through a tender offer which will be subject to, among other things, a number of shares being tendered in the tender offer that, together with the shares owned by ABP and its affiliates, represent a majority of ALR shares. ABP together with its affiliates currently own approximately 6.1% of ALR's outstanding shares of common stock. Diversified Healthcare Trust (Nasdaq: DHC), which holds approximately 31.9% of the outstanding shares of ALR common stock, has also consented to the transaction and has agreed to tender its shares in the tender offer. Promptly following completion of the tender offer, ABP will acquire all remaining shares of ALR at the same price of $1.31 per share in cash through a merger. The tender offer is expected to launch promptly, and the Board will recommend that shareholders tender their shares. The transaction is expected to be completed in the first quarter of 2023.

The transaction was unanimously recommended by a special committee of the ALR Board of Directors comprised entirely of independent directors and approved by the ALR Board of Directors. The special committee engaged Citigroup Global Markets Inc. as its financial advisor in connection with the transaction.

**B.  The Materially Incomplete and Misleading 14D-9**

21.     On February 17, 2023, Defendants filed the 14D-9 with the SEC. The purpose of

the 14D-9 is, *inter alia*, to provide the Company's stockholders with all material information

necessary for them to make an informed decision on whether to tender their shares in favor of the

Proposed Transaction. However, significant and material facts were not provided to Plaintiff.

Without such information, Plaintiff cannot make a fully informed decision concerning whether or

not to tender his shares in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Citi's Financial Analyses*

22.    With respect to the *Discounted Cash Flow Analysis,* the 14D-9 fails to disclose (a) the Company's terminal year unlevered, after-tax free cash flows; (b) the Company's terminal values; and (c) the key data, inputs, and assumptions forming the basis of the range of  discount rates applied by Citi.

23.    With respect to the *Selected Precedent Transactions Analysis*, the 14D-9 fails to disclose the specific financial multiples metrics for each of the transactions.

24.    With respect to the *Selected Public Companies Analysis*, the 14D-9 fails to disclose the specific financial multiples metrics for each of the companies.

25.    With respect to the *Premiums Paid Analysis*, the 14D-9 fails to disclose the transactions analyzed and the individual premiums for each transaction.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Process*

26.    The 14D-9 fails to disclose information about whether the Company executed confidentiality agreements with "Party A" or "Party B," and if those confidentiality agreements contained standstill provisions, the terms of the standstill provisions, whether the standstill provisions are still in effect or have been waived, and which of the parties cannot make a superior proposal for the Company. The disclosure of the terms of any standstill provisions is crucial to Plaintiff being fully informed of whether his fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

27.    The 14D-9 also fails to disclose whether the Special Committee discussed the engagement of an independent financial advisor instead of Citi, which had previously been utilized by the Company in connection with transactions involving DHC.

28.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, stockholders were not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

29.     In addition, the Individual Defendants knew or recklessly disregarded that the 14D-9 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

30.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the 14D-9 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the 14D-9 omits the material information referenced above and contains the incomplete and misleading information referenced above.

31.     Further, the 14D-9 indicates that on February 2, 2023, Citi reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to AlerisLife stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Citi's financial analyses which has been omitted from the 14D-9, and thus knew or should have known that such information has been omitted.

32.     Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to

prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**All Defendants for Violations of Section 14(e) of the Exchange Act and Rule 14d-9**

33.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34.     Defendants have filed the 14D-9 with the SEC with the intention of soliciting AlerisLife stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the 14D-9, which fails to provide the material information referenced above.

35.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of AlerisLife, were aware of the omitted information but failed to disclose such information, in violation of Section 14(e).

36.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. . ." 15 U.S.C. § 78n(e).

37.     Specifically, and as detailed above, the 14D-9 violates Section 14(e) and Rule 14d-9 because it omits material facts concerning: (i) the value of AlerisLife shares and the financial analyses performed by Citi in support of its fairness opinion; and (ii) the sales process.

38.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the 14D-9 is materially misleading and omits material information that is

necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the 14D-9 states that Citi reviewed and discussed its financial analyses with the Board during various meetings including on February 2, 2023, and further states that the Board considered Citi's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the 14D-9, rendering the sections of the 14D-9 identified above to be materially incomplete and misleading.

39.     The misrepresentations and omissions in the 14D-9 are material to Plaintiff, who will be deprived of his right to make an informed decision whether to tender his shares if such misrepresentations and omissions are not corrected prior to the end of the tender offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

40.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41.     The Individual Defendants acted as controlling persons of AlerisLife within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of AlerisLife and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the 14D-9 filed with the SEC, they had the power to influence and control and did influence and

control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

42.    Each of the Individual Defendants was provided with or had unlimited access to copies of the 14D-9 and other statements alleged by Plaintiff to be misleading prior to the time the 14D-9 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

43.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The 14D-9 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the 14D-9.

44.    In addition, as the 14D-9 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The 14D-9 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

45.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) and Rule 14d-9, by

their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.    Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing any amendment to the 14D-9 with the SEC unless and until Defendants agree to include the material information identified above in any such amendment;

B.    Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the 14D-9;

C.    In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.    Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.    Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.    Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: March 3, 2023                    **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*